UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATIONSTAR MORTGAGE LLC,

                    Plaintiff,

v.                                                            1:16-CV-1360
                                                                    (GTS/CFH)

CHRISTOPHER DOLAN,

                    Defendant.
_____

APPEARANCES:                                                       OF COUNSEL:

GROSS POLOWY LLC                                   STEVEN ROSENFELD, ESQ.
  Counsel for Plaintiff
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this real property foreclosure action filed by Nationstar Mortgage LLC ("Plaintiff") against Christopher Dolan ("Defendant"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), judgment of foreclosure and sale pursuant to N.Y. Real Prop. Acts. L. § 1351, and appointment of a referee pursuant to Fed. R. Civ. P. 53 and N.Y. Real Prop. Acts. L. § 1611. (Dkt. Nos. 17, 18.) For the reasons stated below, the Court grants Plaintiff's motion in part and denies it in part without prejudice.

## I.     RELEVANT BACKGROUND

###     A.     Plaintiff's Complaint

        Liberally construed, Plaintiff's Complaint alleges that, on or about October 7, 2005, Defendant executed and delivered a note in which he promised to pay the sum of $227,000.00

plus interest. (Dkt. No. 1, at ¶ 8 [Pl.'s Compl.].) Plaintiff alleges that, as security for payment of this note, Defendant executed and delivered a mortgage in the amount of $227,000.00, which was recorded with the Columbia County Clerk at Book 556, Page 848, on October 28, 2005. (*Id.* at ¶ 9.) Plaintiff alleges that, on April 10, 2006, the terms of the mortgage were modified through an executed Loan Modification Agreement with an indication that taxes would be paid on the modified amount. (*Id.* at ¶ 10.) Plaintiff alleges that the mortgage was assigned multiple times, with the most recent assignee being Plaintiff. (*Id.* at ¶¶ 11-13.) Plaintiff alleges that Defendant failed to comply with the terms of the note and mortgage by not making the payment due on November 1, 2015, and subsequent payments. (*Id.* at ¶ 14.) Plaintiff alleges that, based on this default, the following is now due and owing on the note and mortgage: a principal balance of $194,702.07 and interest at a rate of 6.5% accruing from October 1, 2015, as well as late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the mortgaged property, and the costs, allowances, expenses for sale and reasonable attorneys' fees for the foreclosure. (*Id.* at ¶ 15.) Plaintiff further alleges that the property appeared vacant or abandoned at last inspection and that, in order to protect the value of the property, Plaintiff may need to pay taxes, assessments, water charges, insurance premiums, and other charges. (*Id.* at ¶¶ 16-17.) Plaintiff alleges that (a) it has complied with the notice provision of both the mortgage and N.Y. Real Prop. Acts. L. § 1304 and filed the information required by N.Y. Real Prop. Acts. L. § 1306, (b) the mortgage was originated in compliance with N.Y. Banking L. § 595-a and associated rules and regulations, and (c) no action was brought to recover any part of the mortgage debt or, if any such action is pending, final judgment for Plaintiff was not rendered and it is the intent of Plaintiff to discontinue it. (*Id.* at ¶¶ 18-19.)

**B.     Plaintiff's Service of the Complaint and Defendant's Failure to Answer**

On November 29, 2016, Plaintiff served the Complaint on Defendant. (Dkt. No. 18, Attach. 3, at 1.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

**C.     Clerk's Office's Entry of Default and Defendant's Non-Appearance**

On December 28, 2016, Plaintiff filed a request for entry of default. (Dkt. No. 7.) On January 3, 2017, the Clerk of the Court entered default against Defendant. (Dkt. No. 8.) As of the date of this Decision and Order, Defendant has not appeared or attempted to cure that entry of default. (*See generally* Docket Sheet.)

**D.     Plaintiff's Motion for Default Judgment and Defendant's Non-Response**

On February 2, 2017, Plaintiff filed a motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. Nos. 10, 11.) However, on June 29, 2017, Plaintiff withdraw that motion with the permission of the Court. (Dkt. Nos. 13, 14.)

On October 26, 2017, Plaintiff filed a subsequent motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. Nos. 17, 18.) As of the date of this Decision and Order, Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues that it is entitled to default judgment and a judgment of foreclosure and sale based on the documentary proof submitted with the request for entry of default. (Dkt. No. 18, at 2-4 [Rosenfeld Aff.].)

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1]

4

determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a). The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a). N.D.N.Y. L.R. 55.2(b).

5

## III. ANALYSIS

### A. Whether Plaintiff is Entitled to an Entry of Default Judgment and Damages

#### 1. Liability

An entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

Pursuant to New York common law and Article 13 of the New York Real Property Actions and Proceedings Law, a mortgage foreclosure action requires (a) the existence of a debt, (b) secured by a mortgage, (c) a default on that debt, (d) service of statutory notice on the mortgagor before commencing an action, (e) service of statutory notice on the mortgagor with the summons and complaint, (f) the filing of required information with the superintendent of the New York State Department of Financial Services, and (g) the filing of a notice of pendency. *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (D'Agostino, J.); *Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 621-22 (W.D.N.Y. 2018).

The evidence submitted by Plaintiff along with its motion sufficiently shows that it has met the above statutory and common law elements for establishing a mortgage foreclosure action. (Dkt. No. 18, Attach. 1, at 1, 4, 11-16; Dkt. No. 18, Attach. 2, at 11-40; Dkt. No. 18,

6

Attach. 3, at 1-2; Dkt. No. 18, Attach. 7, at 6-8, 12-14, 16, 19-20, 55-56, 71-72, 97-98.) Notably, although Plaintiff's initial motion for default judgment (later withdrawn) did not include a copy of the notice of pendency with the county, Plaintiff has cured that deficiency in the current motion by providing copies of the summons and Complaint and the notice, all of which are date-stamped November 18, 2016, by the Columbia County clerk's office. (Dkt. No. 18-1, at 1, 4; Dkt. No. 18, Attach. 2, at 48-50.) *See also Atanas*, 285 F. Supp. 3d at 622 (noting the requirement in N.Y. Real Prop. Acts. L. § 1331 that the plaintiff must file a notice of pendency with the clerk's office in the county where the property is situated, as well as the requirement in N.Y. C.P.L.R. § 6511[a] that a copy of the complaint must be filed with the notice of pendency). The Court therefore concludes that Plaintiff has sufficiently satisfied the procedural requirements for default judgment.

### 2. Damages

A finding of liability does not necessarily mean that a plaintiff is entitled to all damages requested. Rather, as noted above in Part II of this Decision and Order, the Court must determine the proper rule for calculating damages and review the evidence supporting Plaintiff's request for damages to determine the amount of damages with reasonable certainty.

"'The burden is on the plaintiff to establish entitlement to recovery.'" *United States v. LaBarge*, 15-CV-1330, 2017 WL 758514, at *2 (N.D.N.Y. Feb. 27, 2017) (D'Agostino, J.). In a mortgage foreclosure action, "[t]he note and mortgage, as the governing instruments, should determine any default damages," *Conklin*, 310 F.R.D. at 45. In this case, the note and mortgage provide that, in the event of default, Plaintiff has a right to recover the unpaid principal and accrued interest, costs and expenses incurred from enforcement of the note, and attorneys' fees. (Dkt. No. 18, Attach. 1, at 12; Dkt. No. 18, Attach. 2, at 20-26, 31.)

### a. Unpaid Principal and Interest on the Mortgage and Note

Plaintiff seeks a total of $208,804.26 for unpaid principal, interest, and advancements which includes (a) $193,555.43 in unpaid principal, (b) $12,153.17 in interest from January 1, 2016, to December 19, 2016, at a rate of 6.5%,[1] and (c) $3,095.66 in advances for insurance, taxes, property preservation, and inspection. (Dkt. No. 18, Attach. 8, at 1.)

In support of these amounts, Plaintiff has submitted a Statement of Damages and an affidavit from Document Execution Specialist April Simmons (an employee of Plaintiff), in which Ms. Simmons confirms the accuracy of the amount of requested damages based on her review of computerized records relating to the mortgage. (Dkt. No. 18, Attach. 7, at 1-3; Dkt. No. 18, Attach. 8, at 1.) However, Plaintiff has not provided copies of those computerized loan records or other similar evidence to verify the amounts requested. Other courts have found that such an affidavit, without additional corroborating evidence, is insufficient to establish damages with reasonable certainty. *See House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("Even in the absence of a hearing, however, the district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty."); *Atanas*, 2018 WL 2932346, at *2 (noting that "[a] plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty") (quoting *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, 12-CV-1369,

---

[1] Plaintiff does not provide a *per diem* interest rate in its papers. However, such value can be easily calculated with the following formula: daily interest rate = (outstanding principal x interest rate per annum) / 365 days. *See Nationstar Mortgage LLC v. Atanas*, 16-CV-6832, 2018 WL 2932346 (W.D.N.Y. June 4, 2018). Applying the relevant facts to this formula results in a *per diem* interest rate of approximately $34.47. There are 353 days between January 1, 2016, and December 19, 2016; therefore, the total amount of accrued interest for the claimed period according to the Court's calculations is $12,167.47. Because Plaintiff's requested amount is less than this amount, the Court will not disturb the requested amount on this basis.

2013 WL 1668206, at *6 [S.D.N.Y. Apr. 18, 2013]); *Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 625-27 (W.D.N.Y. 2018) (concluding that the affidavit of the plaintiff's Document Execution Specialist based on review of computerized records was not sufficient to establish damages with reasonable certainty); *CIT Bank, N.A. v. Seeram*, 16-CV-2608, 2017 WL 8220204, at *4 (E.D.N.Y. Feb. 15, 2017) Report and Recommendation adopted by 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018) (noting that "several courts in the [E.D.N.Y.] have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan"); *OneWest Bank, N.A. v. Hawkins*, 14-CV-4656, 2015 WL 5706945, at *6-8 (E.D.N.Y. Sept. 2, 2015) (denying damages without prejudice where the plaintiff submitted evidence including an affidavit detailing the amounts due in unpaid principal, unpaid interest and advanced amounts and a computer print-out allegedly summarizing the payoff calculations, finding that such evidence was insufficient to establish entitlement to the requested damages with reasonable certainty).

The Court is persuaded by the above cases, particularly *Atanas*, in which a factually similar situation was presented. *Atanas*, 285 F. Supp. 3d at 625-27. Although Ms. Simmons' affidavit corroborates Plaintiff's request, Plaintiff's failure to attach copies of the computerized records showing the relevant evidence and calculations prevents this Court from being able to ascertain the amount of damages with reasonable certainty. Because Plaintiff has failed to carry its burden to establish damages with reasonable certainty, the Court denies Plaintiff's motion as to these damages without prejudice. Plaintiff is granted leave to file additional evidence and documentation to cure the deficiencies identified above regarding damages within thirty (30) days of the date of this Decision and Order.

### b. Attorneys' Fees

Plaintiff seeks a flat rate of $4,950 in attorneys' fees for work done on this case. (Dkt. No. 18, Attach. 6.) Review of case law from this and other courts within the Second Circuit show many instances in which Plaintiff's attorney (Gross Polowy LLC) was denied requested attorneys' fees where such request was for a flat-fee that was not supported by contemporaneous time records or sufficient reconstructions of the hours spent on the case. *See Atanas*, 285 F. Supp. 3d at 623-35; *Ditech Financial LLC v. O'Connor*, 16-CV-5244, 2018 WL 1247415, at *3 (E.D.N.Y. Feb. 20, 2018); *Nationstar Mortgage LLC v. Fernandez*, 17-CV-0404, 2017 WL 6767239, at *7 (E.D.N.Y. Nov. 21, 2017); *Nationstar Mortgage LLC v. Mohr*, 16-CV-0997, 2017 WL 1373888, at *4 (N.D.N.Y. Apr. 13, 2017) (Kahn, J.); *U.S. Bank Trust, N.A. v. Monroe*, 15-CV-1480, 2017 WL 923326, at *1 n.1 (N.D.N.Y. Mar. 8, 2017) (Kahn. J.); *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross*, 255 F. Supp. 3d 427, 433 (W.D.N.Y. 2017); *OneWest Bank, N.A. v. Denham*, 14-CV-5529, 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015).

In support of the requested flat fee of $4,950, Plaintiff's attorney states that he did not maintain individual time sheets for either himself or other parties who performed work on this case. (Dkt. No. 18, Attach. 6, at ¶ 4 [Rosenfeld Aff.].) Plaintiff's attorney does include a list of work performed on the case, but this list is problematic for three reasons: (1) Plaintiff's attorney notes that this list "included, but is not limited to" the specified tasks and hours, which raises questions as to whether this is a complete and accurate list of the time expended on this case; (2) Plaintiff lists time durations and whether the work was performed by a paralegal or an attorney, but does not include the dates when these tasks were performed, which makes it impossible to determine whether the list was based on contemporaneous time records or was simply

reconstructed for the purposes of Plaintiff's motion; and (3) Plaintiff does not include a specification of the rate for which either attorney or paralegal time would be billed, something that is important for determining whether Plaintiff's attorney has established entitlement to the amount of the flat fee requested. (Dkt. No. 18, Attach. 6 [Rosenfeld Aff.].) The Second Circuit has specifically ordered that any attorney applying for court-ordered compensation must document the application with contemporaneous time records that specify "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)*; see also U.S. Bank Trust, N.A. v. Dingman*, 16-CV-1384, 2016 WL 6902480, at *6 (S.D.N.Y. Nov. 22, 2016) (noting that "[a]lthough the $2,900 requested by Plaintiff's counsel seems reasonable for the amount of work involved in connection with this foreclosure, the lack of contemporaneous time sheets precludes any such award") (citing *Carey*, 711 F.2d at 1147). The application for attorneys' fees is therefore insufficient by the standards of the Second Circuit. Given that Plaintiff's attorney admits that Gross Polowy did not keep time sheets for the flat-rate fees it requests and therefore seemingly cannot produce contemporaneous time records (in addition to the fact that Gross Polowy has been specifically informed of this requirement on numerous occasions by this Court and other courts), the Court is inclined to find that Plaintiff's request for attorneys' fees should be denied without opportunity to submit further evidence. However, because Plaintiff will have the opportunity to submit further evidence regarding damages discussed in Part III.A.2.a, Plaintiff may also submit any additional evidence it may have substantiating the requested attorneys' fees within thirty (30) days of the date of this Decision and Order.

c. **Costs and Disbursements**

Plaintiff also seeks a total of $815.00 in costs and disbursements, including (a) $400.00 for the civil case filing fee, (b) $275.00 for the cost of searches, (c) $95.00 for serving the summons and Complaint, (d) $35.00 for the Clerk's fees for filing the notice of pendency, and (e) $10.00 for postal costs. (Dkt. No. 18, Attach. 8, at 1-2.) The Court finds that these costs are reasonable and recoverable. *See Seeram*, 2017 WL 8220204, at *6-7 (citing cases). However, the Court defers awarding such costs until Plaintiff has had an opportunity to address the other issues identified above related to damages and attorneys' fees.

B. **Whether Plaintiff is Entitled to Appointment of a Referee**

Plaintiff also requests that a referee be appointed for the process of selling the mortgaged property. "Courts in this Circuit have permitted such appointments where the plaintiff 'established a *prima facie* case by presenting a note, a mortgage, and proof of default.'" *CIT Bank v. Dambra*, 14-CV-3951, 2015 WL 7422348, at *7 (E.D.N.Y. Sept. 25, 2015) (citing cases) Report and Recommendation adopted by 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015). Because Plaintiff has established a *prima facie* case for mortgage foreclosure pursuant to New York law, as discussed above in Part III.A.1 of this Decision and Order, the Court finds that the appointment of a referee is appropriate in this case. Plaintiff should include (along with the evidentiary submissions discussed previously) a brief description of the qualifications of Veronica M. Kosich, Esq. (Plaintiff's requested referee).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment is **GRANTED in part** (as to liability) and **DENIED in part** (as to damages) without prejudice. Plaintiff is granted **THIRTY (30) DAYS** from the date of this Decision and Order in which to file (1) substantiating

documentation to cure the deficiencies identified in this Decision and Order regarding damages and attorneys' fees, and (2) a brief description of the qualifications of Veronica M. Kosich, Esq., to act as a referee in this matter.

Date: July 6, 2018
      Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          Chief U.S. District Judge